JUDGE FRANK MONTALVO

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2023 MAR 27 AM 11: 32

| | |
|---|---|
| JD AUTO CORP. d/b/a VIVA AUTO GROUP,<br><br>Plaintiff,<br><br>v.<br><br>WARRANTY PROCESSING, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) EP23CV0125<br>Civil Action No. _____ |

## NOTICE OF REMOVAL

Warranty Processing, Inc. ("Defendant") hereby removes Cause No. 2023DCV0153 from the 327th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of El Paso, pursuant to 28 U.S.C. §§ 1332 and 1441, and 1446, and as grounds for its removal states as follows:

### STATEMENT OF THE CASE

1. On January 17, 2023, JD Auto Corp. d/b/a Viva Auto Group ("Plaintiff") filed its complaint with jury demand against Defendant in which it alleged causes of action for breach of contract, breach of fiduciary duty, and fraud in a cause of action styled, *JD Auto Corp. d/b/a Viva Auto Group v. Warranty Processing, Inc.*; In the 327th Judicial District Court, El Paso County, Texas, Cause No. 2023DCV0153 (the "State Court Action"). A copy of the complaint is attached hereto as Exhibit "A".

2. Plaintiff alleged that it is a domestic corporation organized under the laws of the State of Texas. (Ex. A, pg. 1, ¶ 1) Plaintiff also alleged that Defendant is a corporation incorporated in the State of Illinois with its principal place of business at 973 Featherstone Rd. # 300, Rockford, Illinois 61107. (Ex. A, pg. 1, ¶ 2) Plaintiff further alleged that Defendant "does

not maintain a regular place of business in Texas or a designated agent for service of process". (Ex. A, pg. 1, ¶ 2)

3. As to the amount in controversy, Plaintiff alleged that upon current information and belief, it seeks monetary relief over $200,000 but under $1,000,000." (Ex. 1, pg. 2, ¶ 5). Plaintiff also alleged that a portion of its damages is at least $602,990.51. (Ex. A, pg. 5, ¶ 20). In the Damages section of the complaint, Plaintiff alleged that it seeks monetary relief over $200,000 but under $1,000,000. (Ex. A, pg. 7, ¶ 32) And in the Request for Relief section of the complaint, Plaintiff prayed for a judgment in the amount of $200,000 but not more than $1,000,000.

4. On March 1, 2023, Defendant received the summons and complaint with jury demand.

## BASIS FOR REMOVAL

**A.  Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

5. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

**i.  There is Complete Diversity of Citizenship Among the Parties.**

6. Plaintiff has alleged that it is a domestic corporation organized under the laws of the State of Texas. (Ex. A, pg. 1, ¶1)

7. Plaintiff has alleged that Defendant is a foreign corporation incorporated in the State of Illinois with its principal place of business at 973 Featherstone Rd. # 300, Rockford, Illinois 61107. (Ex. A, pg. 1, ¶ 2) Plaintiff has further alleged that Defendant "does not maintain a regular place of business in Texas or a designated agent for service of process". (Ex. A, pg. 1, ¶ 2)

      **ii.    The Amount in Controversy Requirement is Satisfied.**

      8.    Plaintiff alleged that upon current information and belief, it seeks monetary relief over $200,000 but under $1,000,000." (Ex. 1, pg. 2, ¶ 5). Plaintiff also alleged that a portion of its damages is at least $602,990.51. (Ex. A, pg. 5, ¶ 20). In the Damages section of the complaint, Plaintiff alleged that it seeks monetary relief over $200,000 but under $1,000,000. (Ex. A, pg. 7, ¶ 32) And in the Request for Relief section of the complaint, Plaintiff prayed for a judgment in the amount of $200,000 but not more than $1,000,000.

      9.    Accordingly, this Court has jurisdiction over this matter under 28 U.S.C. §§ 1332(a) and 1441 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy is more than $75,000, exclusive of interest and costs.

**B.    Defendant Has Satisfied the Procedural Requirements for Removal.**

      10.    As previously noted, on March 1, 2023, Defendant received the summons and complaint. This Notice of Removal has been filed within 30 days of the date that Defendant was served with the summons and complaint. Removal is therefore timely in accordance with 28 U.S.C. 1446(b).

      11.    This action is being removed to the United States District Court for the Western District of El Paso as this district and division embraces the place where such action is pending pursuant to 28 U.S.C. § 1441(a).

      12.    Pursuant to 28 U.S.C. 1446(a), true and correct copies of all process, pleadings, orders, and documents from the State Court Action which have been served on Defendant are being filed with this Notice of Removal, which consist of the following:

      a.    Exhibit A: Plaintiff's Original Petition with Jury Demand.

      b.    Exhibit B: Citation.

C. **Preservation of Rights and Defenses.**

13. All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the complaint. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

14. Defendant also reserves the right to amend or supplement this Notice of Removal.

D. **Filing Notice of Removal with the State Court.**

15. Defendant will promptly file a copy of this Notice of Removal with the El Paso County District Clerk where the State Court Action has been pending.

**WHEREFORE**, Defendant respectfully gives notice that the State Court Action is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446.

Dated: March 27, 2023.

Respectfully submitted,

**MADRID LAW FIRM P.L.L.C.**
221 N. Kansas, Suite 1203
El Paso, Texas 79901
Telephone: (915) 351-9772
Facsimile: (915) 701-2429
hmadrid@hmadridlaw.com

By: /s/ Hugo Madrid
**HUGO MADRID**
State Bar No. 24060209
Attorney for Defendant WARRANTY PROCESSING, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served *via email* on Plaintiff's counsel, M. Blake Downey (bdow@scotthulse.com) and Stephen J. Venzor (sven@scotthulse.com), *ScottHulse PC*, One San Jacinto Plaza, 201 E. Main Dr., Suite 1100, El Paso, Texas 79901, on this Monday, March 27, 2023.

/s/ Hugo Madrid
**HUGO MADRID**

# EXHIBIT A

Filed 1/17/2023 11:39 AM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV0153

IN THE _____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| **JD AUTO CORP. d/b/a** § | | |
| **VIVA AUTO GROUP** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | No. 2023-DCV_____ | |
| § | | |
| **WARRANTY PROCESSING, INC.** § | | |
| § | | |
| *Defendant.* § | | |

## PLAINTIFF'S ORIGINAL PETITION WITH JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, JD AUTO CORP. d/b/a VIVA AUTO GROUP ("Viva Auto"), and files its Original Petition with Jury Demand complaining of Defendant, WARRANTY PROCESSING, INC. ("Defendant"), and for cause would show the Court as follows:

### I.
### PARTIES

1. Viva Auto is a domestic corporation organized under the laws of the State of Texas.

2. Defendant is a foreign for-profit corporation incorporated in the State of Illinois with its principal place of business at 973 Featherstone Rd #300, Rockford, Illinois 61107. Based on actual knowledge and after diligent search, Defendant does not maintain a regular place of business in Texas or a designated agent for service of process. Viva Auto's claims against Defendant arise out of business done by it in Texas. Therefore, as allowed by Section 17.044 of the Texas Civil Practice and Remedies Code, the Texas Secretary of State is an agent for service of process for Defendant. Accordingly, Defendant may be served with process by servicing the Secretary of State with two copies of process at the following address: Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. After being served with process,

the Secretary of State should immediately mail a copy of process by registered mail or certified mail, return receipt requested, to Defendant's home office at the aforementioned address.

## II
## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Defendant because the amount in controversy exceeds the minimum jurisdictional limit of the Court.

4. Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Viva Auto's claims occurred in El Paso County, Texas.

## III.

## CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN

5. Upon current information and belief, this lawsuit seeks monetary relief over $200,000 but no more than $1,000,000. Discovery is intended to be conducted under Level 2 of Tex. R. Civ. P. 190.

## IV.
## FACTUAL BACKGROUND

6. On or about June 3, 2019, Viva Auto entered into an agreement with Defendant for the management, administration, and/or processing of Viva Auto's warranty claims from various automobile manufacturers to obtain timely payments of such as Viva Auto's fiduciary (the "Agreement").

7. In or about March of 2022, Defendant began mismanaging the administration and processing of Viva Auto's warranty claims—among other things, Defendant failed to timely and properly administrate and process the warranty claims that Viva Auto submitted to Defendant.

8.      In or about March of 2022, Defendant informed Viva Auto that it was having difficulty keeping up with the volume of warranty claims that Viva Auto was submitting to Defendant. Defendant was well aware that it was not administrating/processing Viva Auto's warranty claims in a timely and proper manner, and Defendant failed to respond to inquiries regarding the various warranty claims that Defendant was handling as Viva Auto's fiduciary. Furthermore, beginning around this time and increasing as time went on, Defendant failed to provide reports, summaries, and lists to Viva Auto regarding any completed warranty claims, along with any corresponding service reports, as required under the terms of the Agreement.

9.      Upon learning of Defendant's issue, failure(s), and mismanagement, Viva Auto began searching for a new warranty processing vendor; however, at no time did Viva Auto or Defendant terminate the Agreement.

10.     In order for Viva Auto to terminate the Agreement, Viva Auto was required to provide Defendant 30-days advance written notice. At no time did Viva Auto provide such written notice or terminate the Agreement.

11.     In order for Defendant to terminate the Agreement, Defendant was required to provide Viva Auto written notice. At no time did Defendant provide such written notice or terminate the Agreement.

12.     Accordingly, Viva Auto continued to send warranty claims to Defendant through September of 2022.

13.     At all times pertinent hereto, Viva Auto has satisfied all of its responsibilities under the Agreement and has relied on Defendant to provide the warranty processing services agreed upon.

14. To date, Defendant has failed to properly administrate/process Viva Auto's warranty claims in breach of the Agreement and in the amount of at least $602,990.51. Defendant failed to properly and timely submit or resubmit claims, failed to cure denied or rejected claims, and failed to send monthly reports, summaries, and lists to Viva Auto. Defendant grossly mismanaged Viva Auto's warranty claims, was negligent in processing such claims, and allowed claims to become stale, thereby resulting in a loss, as the staled claims could no longer be paid.

## V.
## CAUSES OF ACTION
### COUNT ONE: BREACH OF CONTRACT and BREACH OF DEFENDANT'S FIDUCIARY DUTIES

15. Viva Auto re-alleges and incorporates by reference each of the allegations asserted in the foregoing paragraphs as if fully set forth herein. Specifically, at all times pertinent hereto, the Agreement between Viva Auto and Defendant was a valid enforceable contract. Viva Auto, who contracted with Defendant to handle warranty claim processing/administration, is a proper party to bring this suit for breach of contract. Defendant breached the contract with Viva Auto and also breached its fiduciary duty to Viva Auto, causing substantial injury and damage to Viva Auto. All of Defendant's breaches occurred prior to, and was the very reason for, any subsequent termination of the Agreement by Viva Auto, if any.

16. By virtue of the duty of Defendant to act on behalf of Viva Auto for the benefit of Viva Auto, which was created by the Agreement between Defendant and Viva Auto, Defendant had a fiduciary relationship with Viva Auto. In acting on behalf of Viva Auto, Defendant became the agent of Viva Auto. As an agent, Defendant owed a fiduciary duty to Viva Auto, said duty including, but not limited to, duty of loyalty and upmost good faith, the duty of candor, the duty to refrain from self-dealing, the duty to act with integrity of the strictest kind, the duty of fair,

honest dealing and duty of full disclosure, the duty to account to Viva Auto for all transactions and the duty to properly manage, supervise, and safeguard all money.

17. Defendant breached its Agreement and fiduciary duty with Viva Auto when it failed to properly and timely manage, administrate, and/or process Viva Auto's warranty claims, as required under the terms of the Agreement. Even when Defendant was made aware that it was not administrating/processing Viva Auto's warranty claims in a timely and proper manner, Defendant failed to fix the issues, which created significant loss to Viva Auto.

18. In addition, Viva Auto suffered losses due to Defendant's breach of the Agreement and breach of its fiduciary duty in that certain warranty claims were not being submitted or billed within the required time. At all times pertinent hereto, Defendant was aware that the warranty claims were not being processed properly or not submitted at all and not processed. Nonetheless, Defendant did not disclose this information to Viva Auto.

19. At the time that Viva Auto learned of the aforementioned issues and deficiencies, it notified Defendant immediately.

20. At the time of filing this suit, Viva Auto has been able to calculate a portion of its damages, in the sum of at least $602,990.51, resulting from Defendant's breach of contract and breach of fiduciary duty. Upon receipt of data held by Defendant, Viva Auto will add any additional losses.

21. All conditions precedent to the Agreement have been performed or have occurred.

22. As a result of Defendant, as set out in the preceding paragraphs of this Original Petition, including breach of fiduciary duty, Viva Auto has sustained financial harm and has lost the benefits expected to be received from the Agreement with Defendant, had Defendant performed its duties as promised.

## COUNT TWO: FRAUD

23. Viva Auto re-alleges and incorporates by reference each of the allegations asserted in the foregoing paragraphs as if fully set forth herein. Defendant has committed common law fraud, including simple fraud and fraudulent inducement, and fraud by non-disclosure in the inducement.

24. Defendant represented to Viva Auto and the general public that it delivers "decades of expertise" and provides its customers with "outstanding guidance and execution." It further represented that (i) "[Defendant] make[s] it a priority to process claims to make sure they meet the dealership payroll deadline"; and (ii) "All of [Defendant's] employees are trained on Manufacturer's Policies and Procedures. Before submitting any claim for reimbursement, our specialists analyze every single claim for compliance with current brand standards."

25. The above statements, coupled with Defendant's representation that it could and would properly and timely submit all warranty claims on behalf of Viva Auto, it would cure denied or rejected claims, and it would send monthly reports, summaries, and lists to Viva Auto, were all false.

26. Failure to perform the above, as represented, constitutes a misrepresentation of fact, represented for the purpose of Viva Auto's reliance upon the validity and truthfulness of the statements, which Viva Auto did. At the time the representations were made, Defendant knew the statements were false.

27. Defendant, as fiduciary to Viva Auto, continued to make false promises to Viva Auto in order to retain Viva Auto as a client/customer. Viva Auto continued to pay Defendant for the services which Defendant was not performing or not adequately performing. Viva Auto was seriously and severely damaged as a direct result of Defendant's fraudulent conduct.

28. Despite a legal fiduciary duty to do so, Defendant never informed Viva Auto that Defendant was not consistently providing services it contracted to perform and further failed to inform Viva Auto of such. The information regarding the aforementioned matters was material, and Defendant knew that Viva Auto had no idea and no way of knowing about or finding out about the true status of each of Viva Auto's warranty claims. Defendant was silent regarding the information about the status of the warranty claims and the deficiencies, knowing that Viva Auto did not know and intending to induce Viva Auto to continue paying the invoices to Defendant.

29. Viva Auto was injured as a result of acting without the knowledge of the undisclosed facts. Defendant told Viva Auto it was performing the services, which left a false impression thereby establishing a duty to speak about the entire truth.

30. By reason of Viva Auto's reliance on Defendant's representations or non-disclosure, as the case may be, Viva Auto has been damaged as set forth above.

31. Viva Auto further alleges that because Defendant and its agents and employees knew that the representations described above were falsely concealed at the time they were made, the representations were fraudulent, malicious and grossly negligent and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, Viva Auto will show that it has incurred significant expenses, including attorney's fees, in the investigation and prosecution of this action. Accordingly, Viva Auto requests that exemplary damages be awarded against Defendant in an amount determined by the trier of fact.

## VII.
## DAMAGES

32. As a result of all of the above conduct as described in detail above, Viva Auto has been damaged and seeks monetary relief over $200,000 but under $1,000,000.

## VIII.
## JURY DEMAND

33. Viva Auto requests that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

## IX.
## REQUEST FOR ATTORNEY'S FEES

34. Viva Auto is entitled to recover reasonable attorney's fees. As a result of Defendant's aforementioned conduct, Viva Auto has been required to retain the services of counsel to prosecute this action. Viva Auto is entitled to reasonable attorney's fees and costs and expenses for the prosecution of this action to judgment, for an appeal to the court of appeals, a further sum in the event of a further appeal to the Texas Supreme Court.

## X.
## REQUEST FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Viva Auto requests that Defendant be cited to appear and answer, and that on final trial, Viva Auto have the following:

1. Judgment against Defendant, for Viva Auto's damages in an amount over $200,000.00 but not more than $1,000,000.00, for Breach of Contract, Breach of Fiduciary Duties, and Fraud;

2. Judgment against Defendant for exemplary damages in excess of its actual damages, as determined by the trier of fact, together with post judgment and prejudgment interest from the date of judgment until paid;

3. Attorney's fees and expenses;

4. Costs of court and interest on the judgment until paid; and

5. Such other and further relief to which Viva Auto may be justly entitled.

Respectfully submitted,

**SCOTTHULSE PC**
One San Jacinto Plaza
201 E. Main Dr., Suite 1100
El Paso, Texas 79901
(915) 533-2493
(915) 546-8333 (Facsimile)

By: */s/M. Blake Downey*
**M. BLAKE DOWNEY**
State Bar No. 24082933
bdow@scotthulse.com
**STEPHEN J. VENZOR**
State Bar No. 24111149
sven@scotthulse.com
*Attorneys for Plaintiff*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Guy McGunegle on behalf of M. Downey
Bar No. 24082933
gmcg@scotthulse.com
Envelope ID: 71852131
Status as of 1/17/2023 2:45 PM MST

Associated Case Party: JD Auto Corp. d/b/a Viva Auto Group

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| M. BlakeDowney | | bdow@scotthulse.com | 1/17/2023 11:39:53 AM | SENT |
| Guy McGunegle | | gmcg@scotthulse.com | 1/17/2023 11:39:53 AM | SENT |
| Stephen Venzor | | sven@scotthulse.com | 1/17/2023 11:39:53 AM | SENT |
| Georgina Gallegos | | ggal@scotthulse.com | 1/17/2023 11:39:53 AM | SENT |

# EXHIBIT B

Case 3:23-cv-00125-FM   Document 1   Filed 03/27/23   Page 16 of 20

Filed on January 20, 2023
4:30 pm
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Gallegos, Abigail

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO: **Warranty Processing, Inc.**, who may be served with process by service through the Secretary of State, P.O. Box 12079, Austin, TX 78711-2079, who will forward to the defendant at **973 Featherstone Rd. #300, Rockford, IL 61107** or wherever they may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition with Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 17th day of January, 2023, by Attorney at Law, Michael Blake Downey, One San Jacinto Plaza, 201 E. Main Dr., Suite 1100, El Paso, TX 79901 in this case numbered **2023DCV0153** on the docket of said court, and styled:

**JD Auto Corp.
VS
Warranty Processing, Inc.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition with Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 20th day of January, 2023.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

By: _Agallegos_, Deputy
Abigail Gallegos

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2022, at _____ I mailed to _____

_____
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition with Jury Demand attached thereto.

| *NAME OF PREPARER | TITLE |
|---|---|
| ADDRESS | |
| CITY    STATE    ZIP | |

_____
TITLE

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

    This forwarding address was provided:_____


                        El Paso County, Texas

                By:_____
                        Deputy District Clerk

                           OR

                    _____
                    Name of Authorized Person

                By:_____


## VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

                    Subscribed and sworn to be on this _____ day
                    of _____, _____.


                  _____
                  Notary Public, State of _____
                  My commission expires:_____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO: **Warranty Processing, Inc.**, who may be served with process by service through the Secretary of State, P.O. Box 12079, Austin, TX 78711-2079, who will forward to the defendant at **973 Featherstone Rd. #300, Rockford, IL 61107** or wherever they may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition with Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 17th day of January, 2023, by Attorney at Law, Michael Blake Downey, One San Jacinto Plaza, 201 E. Main Dr., Suite 1100, El Paso, TX 79901 in this case numbered **2023DCV0153** on the docket of said court, and styled:

**JD Auto Corp.**
**VS**
**Warranty Processing, Inc.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition with Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 20th day of January, 2023.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

By: _Abigail Gallegos_, Deputy

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2022, at _____ I mailed to _____

347439

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition with Jury Demand attached thereto.

TITLE _____

*NAME OF PREPARER | TITLE
ADDRESS
CITY | STATE | ZIP

RECEIVED SECRETARY OF STATE JAN 26 2023 Service of Process

## RETURN OF SERVICE

Delivery was completed on _____, delivered to _____
_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

    This forwarding address was provided: _____

El Paso County, Texas

By: _____
Deputy District Clerk

OR

_____
Name of Authorized Person

By: _____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day of _____, _____.

_____
Notary Public, State of _____
My commission expires: _____